IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAMES A. LUCAS,

        Plaintiff,

v.                                    Case No.  2:17-cv-01007

TERESA GREGORY, AWO, MOCC,
DAVID BALLARD, Warden, MOCC, and
JIM RUBENSTEIN, DOC Comm.,

        Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to a Standing Order (ECF No. 3), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### PROCEDURAL HISTORY

The plaintiff, James Lucas, is incarcerated at the Mount Olive Correctional Complex ("MOCC"). According to the Complaint, MOCC hosts an annual "Open House" where qualified inmates can invite their family and friends to come have food, purchase arts and crafts made by the inmates, and listen to various inmate bands. (ECF No. 1 at 4). The 2016 Open House was scheduled for August 20 and 21, 2016. (*Id.* at 5).

Prior to the 2016 Open House, a memo, signed by Theresa Gregory, the Assistant Warden of Operations at MOCC, was posted in the prison stating that neither inmates nor visitors could wear hats or caps at the Open House. (*Id.*) According to the plaintiff,

this head wear restriction had not been applied at previous Open Houses. (*Id.*) The plaintiff subsequently filed a grievance stating that "[t]he policy of refusing to allow inmates to wear hats during open house exposes them to the unnecessary risk of developing severe health problems." (*Id.* at 10). The Unit Manager responded that the policy was "put in place due to the security risk." (*Id.*) The plaintiff later attended the Open House and performed with one of the bands. (*Id.* at 11). The plaintiff alleges that he suffered a sunburn from not wearing a hat, which caused his forehead and nose to peal. (*Id.* at 11).

Thereafter, the plaintiff filed this action against the defendants, Teresa Gregory, AWO [Assistant Warden of Operations], MOCC, David Ballard, Warden, MOCC, and Jim Rubenstein, the "DOC [Division of Corrections] Commissioner." (*Id.* at 1). The Complaint alleges that the defendant's actions in banning hats at the Open House was cruel and unusual punishment in violation of the Eighth Amendment. (*Id.* at 11). He seeks an injunction that ends the ban on headwear and a "personal assurance from DOC that the open house privileges (or any other privilege) will not be taken away from the inmate population in retaliation" for the lawsuit. (*Id.* at 7).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A

2

"frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, the court may not re-write the pleading to develop the plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.

\* \* \*

3

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50. This standard applies equally to the initial screening conducted under 28 U.S.C. § 1915A, where no Motion to Dismiss has been filed.

## ANALYSIS

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991). The Eighth Amendment can be applied to deprivations suffered during imprisonment that are not specifically part of the sentence. *Id.*; *Estelle v. Gamble*, 429 U.S. 97, 97 (1976). The Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). For example, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)). The Supreme Court has consistently held, however, that the Constitution "'does not mandate comfortable prisons' and only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (citations omitted).

There is both an objective and subjective component to showing a violation of the Eighth Amendment. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson*, 501 U.S. at 298). In order to demonstrate that a deprivation is extreme enough to satisfy the objective component in the context of a "conditions-of-confinement" claim, the "prisoner must 'produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (citations omitted).

Second, the "prison official must have a 'sufficiently culpable state of mind.' In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." *Farmer*, 511 U.S. at 834 (citations omitted); *see also Wilson*, 504 U.S. at 303. This means that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

As to the first component, the deprivation alleged here is not objectively sufficiently serious. Denying the plaintiff[1] the ability to wear a hat during the Open House was not a deprivation of a basic human need. *See Williams v. Bradley*, No. 5:05cv10, 2008 WL 2954247, at *7 (E.D. Ark. July 29, 2008) (holding that "exposure to the sun without a hat is not the type of 'extreme deprivation' required to prevail on a

---

[1] The undersigned notes that the plaintiff not only discussed how the hat policy affected him, but also how it harmed or could harm other inmates and visitors especially small children and the elderly. The *pro se* plaintiff, however, may not raise claims on behalf of anyone other than himself.

5

conditions-of-confinement claim"). Additionally, the only injury the plaintiff alleges that he suffered is a sunburn that caused his forehead and nose to peal, and sunburn is not a serious or significant physical or emotional injury. *See Richardson v. Smith*, No. 2:14-cv-64, 2015 WL 9875842, at *9 (N.D. W. Va. Nov. 2, 2015) (holding that sunburn does not pose a serious or significant physical or emotional injury). Moreover, the plaintiff's allegation that this policy unreasonably exposes inmates and visitors to the risk of heat stroke, heat exhaustion, or skin cancer is entirely speculative.

Since the plaintiff has failed to meet the first element of his Eighth Amendment claim, the court need not analyze whether the defendants had a sufficiently culpable state of mind. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted and, thus, it is subject to dismissal under 28 U.S.C. § 1915A.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

August 21, 2018

Dwane L. Tinsley
United States Magistrate Judge